UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 12-CR-792 YGR |
| Plaintiffs, | ORDER RE DETENTION CONDITIONS OF ALBERTO LAREZ |
| vs. | |
| HENRY CERVANTES, ALBERTO LAREZ a/k/a Bird, *et al.*, | |
| Defendant(s). | |

On June 21, 2013, the court held a hearing on the Motion to Review and Modify Detention Conditions of Defendant Alberto Larez brought pursuant to Rules 46(h)(1) and 47 of the Federal Rules of Criminal Procedure. (Docket No. 161.)  Brian H. Getz appeared on behalf of Alberto Larez and Randall Luskey appeared on behalf of the United States of America.  The hearing on the motion was continued to June 28, 2013 to provide the Court with an opportunity to obtain the actual records from the jail in which he is being housed in order to evaluate the motion.

Having carefully considered the motion, the argument of counsel, and GOOD CAUSE appearing, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion as follows:

1.   EXERCISE.

Defendant Larez is classified in a special housing unit designated as Administrative Isolation. This is a non-punitive classification utilized for defendants that are of higher security risk or concern to other inmates, staff, facility or themselves.  Because of the defendant's security classification, including his gang affiliation/designation, limited local pre-trial housing options exist for defendant. The conditions for confinement for an inmate pending trial and in a non-Bureau of Prisons (BOP) facility are not specified.  However, Title 28 of the Code of Federal Regulations sections 541.21 and 541.31 sets forth the provisions for BOP's housing of an inmate as follows:

(f) Personal hygiene. You will have access to a wash basin and toilet. You will receive personal items necessary to maintain an acceptable level of personal hygiene, for example, toilet tissue, soap, toothbrush and cleanser, shaving utensils, etc. You will ordinarily have an opportunity to shower and shave at **least three times per week**. You will have access to hair care services as necessary.

(g) Exercise. You will receive the opportunity to exercise outside your individual quarters **at least five hours per week,** ordinarily on different days in one-hour periods. You can be denied these exercise periods for a week at a time by order of the Warden if it is determined that your use of exercise privileges threatens safety, security, and orderly operation of a correctional facility, or public safety.

Emphasis supplied.  In addition, the Ninth Circuit in *Pierce v. County of Orange*, 526 F.3d 1190, 1208 (9th Cir. 2008) held that ninety minutes of exercise outside of one's cell per week was constitutionally *in*sufficient for a pretrial detainee held in administrative segregation.  The Court did not opine on the underlying order requiring a minimum of two hours per week of exercise outside one's cell.

Here, defendant Larez is being housed by the Alameda County Sheriff's Office at the North County Jail in Oakland, California.  The housing records for a period of 17 weeks (February 24, 2013 through June 22, 2013) indicate that defendant Larez has received 3.8 hours per week of "pod time." "Pod time" is time outside of one's cell used for myriad purposes including personal hygiene and other personal choices such as exercising or making phone calls.  As such, "pod time" satisfies both subsections (f) and (g).  The defendant's yard time for the same 17-week period appears only to be eight (8) one-hour periods or approximately one hour every other week.  "Yard time" satisfies subsection (g) above.  Viewed together, the defendant is receiving less than five hours per week outside of his cell.

The Court finds that the current practice of providing defendant Larez with less than five hours a week outside of his cell is insufficient.   In addition to the "pod time" currently being provided, the Alameda County Sheriff's Office shall provide defendant Larez with *no less* than an additional two hours a week outside of his cell for exercise and/or other personal choices, unless security and safety considerations preclude such activity.  Of this time allocated outside of his cell, the Alameda County Sheriff's Office is ordered to allocate at least one hour per week to yard time while at North County jail.  *See Spain v. Procunier*, 600 F.2d 189, 192 199-200 (9th Cir. 1979).

## 2. HOUSING FACILITY.

United States District Court
Northern District of California

The defendant's request to be moved to the federal facility in Dublin, California so that he can have contact visits with his 14-month old daughter is **DENIED**.  Not only is the defendant not entitled to choose the facility in which he should be housed, but the Court understands that that facility cannot accommodate a high security detainee, nor would it allow, in any event, contact visits with an infant. *See also*, Title 15 of the California Code of Regulations, Section 3343: "Inmates assigned to security housing units shall be prohibited from physical contact with visitors."

**3.   ROOT CANAL**

The Court understands that the defendant through his attorney is in the process of resolving this issue.  The request for a special accommodation is **DENIED** as moot.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**The Alameda County Sheriff's Office is ORDERED** to provide defendant Larez with *no less* than an additional two hours a week outside of his cell for exercise and/or other personal choices in addition to the "pod time" currently being provided, unless security and safety considerations preclude such activity.  Of this time allocated outside of his cell, the Alameda County Sheriff's Office is **ORDERED** to allocate at least one hour per week to yard time while at North County jail.

A compliance hearing on this Order will be held on Thursday, July 11, 2013 at 2:00 p.m. in the Federal Courthouse, 1301 Clay Street, Oakland, California, in Courtroom 5.  **The United States Marshal Service is Ordered** to update the Court on the status.  If the Alameda County Sheriff's Office is unable to comply, the Court will consider re-locating defendant Larez to another facility, including, if necessary, one out-of-state.

A copy of this Order shall be delivered to the United States Marshal Service which is Ordered to Serve the Same on the Alameda County Sheriff forthwith and without any delay.

Dated: July 2, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**