1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO LAREZ, a/k/a Bird,<br><br>Defendant. | Case No. 12-cr-00792-2 YGR (NC)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY**<br><br>Re: Dkt. No. 300 |

In this case charging multiple counts of racketeering and conspiracy against alleged leaders, members, and associates of the *Nuestra Familia* gang, defendant Alberto Larez moves to compel the government to produce jail records for potential government witnesses against him. Specifically, Larez requests from two county jails all phone records, letters, movement sheets, notes, grievances, sick call records, and sheriff's interviews relating to five incarcerated witnesses he asserts are planning to testify against him. The time period sought is the years 2012 and 2013.

//

1  The facilities identified by Larez are "Glenn Dyer Facility" and the Santa Clara County

2  Department of Corrections.[1]

3       The primary question presented under Federal Rule of Criminal Procedure 16 is

4  whether these records are material to preparing Larez's defense.  The Court reviewed the

5  pleadings submitted by both parties and held a hearing, with Larez present and in custody,

6  on November 20, 2013.  The Court finds that Larez's assertions do not satisfy the

7  requirement of specific facts, beyond allegations, establishing materiality.  Accordingly,

8  the Court denies the motion for discovery.

9                                    **BACKGROUND**

10      On January 8, 2013, a federal grand jury returned a Superseding Indictment against

11 eleven defendants charging a total of twenty-seven counts.  The Superseding Indictment

12 stems from the alleged affairs of a racketeering enterprise known as *Nuestra Familia*,

13 which is said to operate inside and outside of prison walls.  Count 1 charges all eleven

14 defendants with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d).

15      The remaining counts allege a pattern of racketeering consisting of various

16 state and federal offenses, including murder, robbery, narcotics trafficking, extortion

17 affecting interstate commerce, witness tampering and obstruction of justice, and

18 conspiracy to commit the same, including assault with a dangerous weapon.  Among

19 these, Count 2 alleges a violation of 18 U.S.C. § 1959, commonly known as Violent

20 Crimes In Aid of Racketeering or "VICAR."

21      Alberto Larez, a/k/a Bird, is charged in Counts 1 (racketeering conspiracy), 2

22 (conspiracy to commit murder in aid of racketeering), 3 (conspiracy to commit assault

23 with a dangerous weapon in aid of racketeering), 4 (use/possession of a firearm in

24 furtherance of crime of violence), 22 (conspiracy to obstruct justice), 23 (conspiracy to

25

26 _____

27  [1]The Court understands "Glenn Dyer Facility" to refer to Alameda County's Glenn E.
   Dyer Jail in downtown Oakland.  It is operated by the Alameda County Sheriff.  Larez's motion
28 does not specify a particular facility in Santa Clara County, which houses inmates at the
   Elmwood Complex and Santa Clara County Main Jail.

Case No. 12-cr-00792-2 YGR (NC)
ORDER DENYING MOTION FOR DISCOVERY
                                        2

1   obstruct justice), and 24 (concealment of object to obstruct investigation) of the

2   Superseding Indictment.  He has entered a not guilty plea to the charges.

3       Larez is also one of forty-eight defendants charged by the Santa Clara County

4   Grand Jury in a May 31, 2013, indictment alleging violations of state law.

5       District Court Judge Yvonne Gonzalez Rogers referred all discovery disputes in

6   this case to the undersigned magistrate judge on February 27, 2013.  Dkt. No. 102.

7                              **LEGAL STANDARD**

8       Federal Rule of Criminal Procedure 16 grants criminal defendants a right to

9   discovery.  Upon the defendant's request, the government must disclose all "documents

10  . . . within the government's possession, custody, or control . . . [that are] material to

11  preparing the defense[.]"  Fed. R. Crim. P. 16(a)(1)(E)(I).  "A defendant must make a

12  threshold showing of materiality, which requires a presentation of 'facts which would

13  tend to show that the Government is in possession of information helpful to the defense.'"

14  *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v.*

15  *Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).  But "[n]either a general description of the

16  information sought nor conclusory allegations of materiality suffice."  *Mandel*, 914 F.2d

17  at 1219.

18      The *Santiago* case illustrates the application of Rule 16.  That was a case involving

19  the murder of a prison inmate.  The defendant had asked to see the prison files of all

20  inmates to be called as witnesses by the government because evidence of gang affiliations

21  would be introduced by the prosecution.  Santiago reasoned that he would need this

22  information for impeachment purposes, i.e., whether any of the witnesses were linked

23  with rival gangs.  The Ninth Circuit held:

24      These assertions, although not implausible, do not satisfy the requirement of

25      specific facts, beyond allegations, relating to materiality.  *See Mandel*, 914

26      F.2d at 1219.  Although the defense did have access to other documents

27      relating to the government witnesses and interviewed several other prison

28      inmates, it did not cite any fact, such as a statement by the defendant or one

Case No. 12-cr-00792-2 YGR (NC)
ORDER DENYING MOTION FOR DISCOVERY
3

of the interviewed witnesses, that might link one of the witnesses to a rival

gang. Thus, since the defense has only asserted "conclusory allegations"

without grounding in fact, *Mandel*, 914 F.2d at 1219, we cannot find that

the information sought was material to the case.

*Santiago*, 46 F.3d at 894-95.

In the words of another court applying Rule 16, simply having an "educated guess" about documents' helpfulness is insufficient to compel discovery by the government. *United States v. Salyer*, 271 F.R.D. 148, 158 (E.D. Cal. 2010).

On the other hand, where a defendant specifically identified a narrow category of policies which could be referenced to show the government acted in bad faith during its investigation, the Court found it was material to an entrapment defense and ordered production. *United States v. Williams*, No. 10-cr-00230 SI, 2010 WL 4595551, at *2 (N.D. Cal. Nov. 4, 2010).

## ANALYSIS

### I. Request for Discovery Under Federal Rule of Criminal Procedure 16

As a threshold matter, the Court addresses one issue not raised by the parties: whether the requested materials in the possession of the Santa Clara Department of Corrections or Glenn Dyer Jail are in the "government's" possession, custody, or control for purposes of Rule 16. The government did not contest that it had "control" over the county records in this multi-agency investigation, so this order assumes that all the documents sought are controlled by the prosecution for purposes of the Rule 16 analysis.

Next, the Court considers materiality. Larez asserts two arguments in support of materiality.

First, Larez contends that the possible government witnesses are conspiring against him and that the records sought can be used to impeach and rebut their testimony, and/or to corroborate other evidence. The Court finds that these general allegations, although not implausible, do not satisfy the requirement of specific facts set forth by the Ninth Circuit in *Santiago*. 46 F.3d at 894. Larez's counsel is making an educated guess that jail

records may uncover something with impeachment value, but Rule 16 requires more.

Second, Larez's counsel proffered that he called the attorney representing one of the alleged witnesses. The attorney did not return his call. The attorney also did not call Larez's counsel after Larez disclosed the name of the witness and asserted the witness was a government cooperator in a filing with the Court. From these alleged facts, Larez asks the Court to interpret that the witness must be cooperating with the government.

Given that the Constitution affords a criminal defendant a right to remain silent, the Court will not give any weight to the alleged silence of a witness's attorney when confronted with a charge that the attorney's client is a cooperator. Here again, Larez is basing his request for discovery on speculation rather than specific facts.

Because Larez has not established materiality, his request for discovery under Rule 16 is denied.[2]

## II.   Request for Disclosure Under *Brady*

Larez alternatively asserts that the government must disclose the same records to him under Constitutional duties imposed by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The government submits that it will comply with its *Brady* and *Giglio* obligations. The Court sees no occasion to render an advisory opinion now. *See United States v. Pittmann-Wright*, No. 11-cr-00901 WHA, 2012 WL 1815599, at *12 (N.D. Cal. May 17, 2012). The motion to compel disclosures under *Brady* is denied without prejudice.

//

---

[2]  Larez's motion also requested production of documents relating to his arrest. The government produced these records before the hearing, so they are not addressed in this order.

Case No. 12-cr-00792-2 YGR (NC)
ORDER DENYING MOTION FOR DISCOVERY
5

**CONCLUSION**

Larez's motion to compel discovery under Rule 16 is denied, as he has not established the materiality of the records he seeks.

Larez's request for disclosure under *Brady* is denied without prejudice, as premature.

Any party may object to this nondispositive order made under Federal Rule of Criminal Procedure 59(a), but must do so within 14 days. Failure to object waives a party's right to review.

IT IS SO ORDERED.

Date: December 3, 2013

NATHANAEL M. COUSINS
United States Magistrate Judge