UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>HENRY CERVANTES, *et al.*,<br><br>　　　Defendants. | Case No.: 12-CR-0792 YGR<br><br>**ORDER SETTING TRIAL DATE; PRETRIAL FILING SCHEDULE; OUTSTANDING MOTION FOR BILL OF PARTICULARS** |

On January 15, 2014, the United States, through its counsel of record, and the certain named defendants, specifically Henry Cervantes, Karl Gray and Jaime Cervantes, by and through their respective counsel of record, provided the Court with a stipulated and proposed trial and pretrial schedule. (Dkt. No. 363.) Defendants Alberto Larez and Henry Cervantes requested additional time than was indicated in the proposed schedule.[1] Thereafter, all parties to this action, and their respective counsel, appeared before the Court for a status conference on January 22, 2014. (Dkt. No. 374.) The status conference was scheduled early in 2014 to allow the parties to conduct additional discovery over the course of the fall of 2013 and to provide the Government with sufficient time to determine whether a Second Superseding Indictment would be filed. On January 7, 2014, a Second Superseding Indictment was filed, adding additional charges against defendant Alberto Larez and rendering him capital-eligible. On January 29, 2014, the Court appointed Brian Getz to continue in his representation of Mr. Larez as lead capital counsel and Mark Goldrosen as learned counsel. With learned counsel present, the Court held another status conference on

---

[1] Counsel for Alberto Larez advised that he did not necessarily disagree with the parties' proposal; rather, the advent of the new capital-eligible charges against Larez prompted a review of his case by the Federal Public Defender with a view toward procuring "death-qualified" counsel. Similarly, counsel for Henry Cervantes notified the Government that they would address their own concerns regarding timing. However, both indicated general agreement with the approach taken in the stipulation.

February 5, 2014.  (Dkt. No. 378.)  On his behalf, Mr. Larez's attorneys requested that they be allowed nine months to make mitigation submissions to the Department of Justice and to evaluate discovery material relative to the new charges, which the Court now understands had not been provided to Mr. Larez as of February 10, 2014.  (Dkt. No. 379.)

Having carefully considered the parties' proposed trial dates and pretrial filing schedule, as well as the representations made by counsel at the January 22 and February 5, 2014 status conferences, the Court hereby sets the following pretrial filing schedule and trial date:

**I. Capital presentations**

Defense mitigation submission to the U.S. Attorney and/or her delegate for affected defendants shall occur by **SEPTEMBER 2, 2014**.  By **SEPTEMBER 15, 2014** the U.S. Attorney's Office shall make its submission to the Capital Case Unit ("CCU") of the Department of Justice.  The Court acknowledges the parties understanding that the CCU will thereafter work with the U.S. Attorney's Office and defense counsel to obtain any additional information or schedule any presentations.  The Court **ORDERS** the Government to file a Notice of Intent to Seek or Not to Seek the Death Penalty by **JANUARY 15, 2015** and the Government is further **ORDERED** to notify the CCU of that date.

**II. Pretrial Motions**

**A.** Pretrial motions, e.g. motions to sever, to dismiss, for bill of particulars, etc., shall be filed *no later than* **JANUARY 30, 2015**.  Any oppositions shall be filed 14 days thereafter (no later than **FEBRUARY 13, 2015**), with any replies filed 7 days thereafter (no later than **FEBRUARY 20, 2015**). If filed under this schedule, the motions hearing date shall be set tentatively 14 days thereafter (no later than **MARCH 6, 2015**), and specially set at 9:30 a.m. in Courtroom 1 of the Federal Courthouse in Oakland, California.

**B.** The Court confirms herein its oral rulings and, to the extent not stated, makes the following order with respect to the Motion for Bill of Particulars and Motion for Order

Permitting Separate Motion to Strike Surplusage or Incorporation of Order (Dkt. 180) in Mr. Cervantes's Case. (Dkt. 247.) The Court hereby grants the motion to incorporate by reference the rulings made in the Order Denying Motion to Dismiss; Denying Motion to Strike Surplusage; and Denying in Part and Granting in Part Motions for a Bill of Particulars (Dkt. 180). Those rulings shall be fully applicable to the same issues raised in Mr. Cervantes's motion at Docket 247. As set forth therein, that order was, and hereby is, without prejudice to the filing of any subsequent motion based upon a showing that a defendant could not adequately prepare his defense due to a lack of discovery. The Court notes that, in general, the parties have been fully engaged in the discovery process and related motion practice over the course of the fall of 2013 through and including the present. This Order terminates Docket No. 247, which is deemed granted in part and denied in part.

### III. Evidence Review

No later than **FEBRUARY 2, 2015**, the parties shall meet and confer regarding a mutually agreeable proposed schedule for physical inspection of the evidence. The Government shall permit defense counsel a physical inspection of evidence in the case by **MARCH 2, 2015**. The parties advise that this process will take several days, and are therefore, **ORDERED** to meet and confer well in advance of these deadlines to arrange for mutually agreeable dates and times.

### IV. Pre-Trial Deadlines and Disclosures

A. The Government shall make its expert disclosures by **MARCH 2, 2015**. *Daubert* motions shall be filed after the Government's expert disclosures are due, by **APRIL 13, 2015**, oppositions due 21 days later on **MAY 4, 2015**, and replies 7 days later on **MAY 11, 2015**, with a hearing set tentatively on **MAY 27, 2015** at 9:30 a.m. in Courtroom 1 of the Federal Courthouse in Oakland, California.

B. All translations or transcripts of conversations or statements to be used with the jury must be provided to all other parties by both the Government and defendants by **APRIL**

3

**20, 2015** and any motions directed to their accuracy shall be heard at the pretrial conference using the process set forth in Section V.B.2 herein.

C. By **APRIL 20, 2015**, the Government must fully comply with all requirements of Local Rule 16-1(c). The Government must disclose a summary of: (i) any evidence of other crimes, wrongs, or acts that it intends to offer under Federal Rule of Evidence 404(b), and which is supported by documentary evidence or witness statements, and (ii) any co-conspirator's statement the Government intends to offer under Federal Rule of Evidence 801(d)(2)(E). These disclosures must be set forth in sufficient detail that the Court may rule on the admissibility of the statement.

D. By **APRIL 20, 2015**, the Government must provide to defense counsel all *Henthorn* material on law enforcement witnesses whom the Government anticipates calling. All non-Jencks *Brady* information must be disclosed to defense counsel by the same date of **APRIL 20, 2015** with the following exceptions:

1. Materials addressing the individuals specified in the Government's *ex parte* submission shall be produced in accordance with the final protective order.

2. All non-Jencks *Brady* information relating to any specific government civilian witness shall be disclosed to defense counsel **7 CALENDAR DAYS** before trial. All non-Jencks *Brady* information for witnesses the Government eventually elects not to call must be disclosed as soon as the Government makes the election and, in all events, at least **7 CALENDAR DAYS** before the Government rests its case-in-chief.

3. All other Brady information must be produced in time for its effective use at trial.

E. By **JUNE 8, 2015**, the Government shall redact all previously-redacted witness/victim names that had been redacted in discovery. This deadline shall not trump any deadline falling in the paragraph immediately preceding this paragraph, however.

## V. Trial Date and Preparations

### A. Trial Date

Jury selection and trial is **ORDERED** to begin on **SEPTEMBER 8, 2015**. Trial schedule will be generally as follows: Monday through Friday, from 8:30 a.m. to 1:30 p.m., with two fifteen-minute breaks. Closer to the trial date, the Court will identify which day(s) it anticipates to be dark. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Side bars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

### B. Pretrial Conferences

1. A pretrial conference is hereby scheduled for **JULY 10, 2015** to address any anticipated issues regarding trial preparation. A second pretrial conference is hereby scheduled for **AUGUST 21, 2015** to address all motions other than those specified above, including motions to exclude any co-conspirator statement or Rule 404(b) evidence, government motions directed at defense experts, any other motions to exclude specific evidence or witnesses. Both conferences shall occur at 9:30 a.m. in Courtroom 1 of the Federal Courthouse in Oakland, California.

2. Not less than **21** days prior to the August 21, 2015 pretrial conference, the parties shall serve, **but not file**, motions in limine. Not less than **14** days prior to the pretrial conference, the parties shall serve any oppositions thereto. The parties shall then meet and confer to resolve the motions. Any motions not resolved shall be filed not less than **10** days prior to the pretrial conference. The parties shall submit a JOINT CHAMBERS set, which collates each motion and the respective opposition. The proponent of the motion shall also submit therewith a COMPREHENSIVE proposed form of order, summarizing each motion and the requested relief.

3. The parties shall comply with Local Rule 17.1-1(b) and the Court's Standing Order in Criminal Cases. However, the parties shall file the pretrial conference

statement addressing all fifteen (15) issues identified therein (to the extent not previously resolved and/or addressed) and all related filings not less than **10** days prior to August 21, 2015.

### C. Jury Selection

Proposed jury questionnaires shall be filed no later than **JUNE 8, 2015**. The parties are directed to attempt to agree on a stipulated proposed jury questionnaire. In the event the parties cannot agree, they shall file one proposed jury questionnaire, color-coded, to identify which submissions are joint and which reflect the position of either the Government or the defendant(s).

### D. Exhibit and Witness Lists

1. The Government must provide by **JUNE 8, 2015** a final trial exhibit list and a final list of witnesses for its case-in-chief, including all civilian witnesses except to the extent a prior court order has allowed postponement of such disclosure.
2. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility.
3. To the extent agreed upon, the parties shall file Exhibit Lists identifying those exhibits for which a stipulation of admissibility exists by noting an "S" in the appropriate box. When printing and providing these documents to the Court, please use the "portrait" orientation only. (Do not use "landscape" orientation.) A sample format is provided below:

| **Ex. No.** | **Description** | **Sponsoring Witness** | **Stipulation to Admit** | **Objection** | **Date Admitted** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

4. Physical evidence must also be pre-marked. For purposes of an anticipated binder of exhibits for the Court, parties are advised that a picture of the exhibit should be taken and placed in the binder.

5. Parties are advised to review their exhibits critically and determine whether sub-designations are appropriate for both the record and rulings on any potential objections. For instance, if an exhibit consists of a series of pictures, rather than designate the exhibit collectively as Exhibit 1, each picture should have a designation, *i.e.* Exhibit 1-A, 1-B, 1-C, 1-D, 1-E and 1-F.

**E. Rules 12, 16 and 17**

By **JUNE 29, 2015**, all Rule 16 defense reciprocal disclosures, including expert reports and summaries, must be produced to the Government and all Rule 12.1, 12.2 and 12.3 defense notices must be given, if any.

**F. Witness Exclusion**

The Court hereby orders that witnesses shall be excluded until testimony is completed. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation, the striking of the witness's entire testimony.

**G. Miscellaneous Logistics**

1. No later than the last pretrial conference, counsel for each defendant shall provide the Court with a proposed form of order so that the defendant may dress in civilian clothes during the trial.

2. Computers, projectors, screens and similar equipment must be tested in the courtroom prior to the day when any such equipment will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to an appropriate time for doing so. Marshals require court order to allow equipment. Any party needing such an order must file a request and proposed order.

**IT IS SO ORDERED**.

Date: **February 27, 2014**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**