# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY CERVANTES, *et al.*,<br><br>Defendants. | Case No.: 12-CR-0792 YGR<br><br>**ORDER CONFIRMING TRIAL DATE AND MODIFYING PRETRIAL SCHEDULE** |

On August 4, 2014, the Court held a regularly scheduled case management conference. Randall Luskey appeared on behalf of the United States. John T. Philipsborn appeared on behalf of Henry Cervantes, Brian Getz and Mark Goldrosen appeared on behalf of Alberto Larez, William Osterhoudt appeared on behalf of Karl Gray, and Randy Sue Pollack appeared on behalf of Jaime Cervantes. All defendants listed were present.

During the conference, Defendants Henry Cervantes and Alberto Larez both requested that the court modify the pre-trial schedule which had been previously entered. The government lodged no objections thereto. Accordingly, having carefully considered the requests, representations, and modifications suggested, the Court hereby reaffirms and modifies the following pretrial filing schedule and trial date:

**I. Capital presentations**

Defense mitigation submission to the U.S. Attorney and/or her delegate for affected defendants shall occur by **OCTOBER 2, 2014**. By **OCTOBER 15, 2014** the U.S. Attorney's Office shall make its submission to the Capital Case Unit ("CCU") of the Department of Justice. The Court acknowledges the parties understanding that the CCU will thereafter work with the U.S. Attorney's Office and defense counsel to obtain any additional information or schedule any presentations. The Court **ORDERS** the

Government to file a Notice of Intent to Seek or Not to Seek the Death Penalty by **FEBRUARY 14, 2015** and the Government is further **ORDERED** to notify the CCU of that date.

**II. Pretrial Motions**

Pretrial motions, e.g. motions to sever, to dismiss, for bill of particulars, etc., shall be filed *no later than* **JANUARY 30, 2015**. Any oppositions shall be filed 14 days thereafter (no later than **FEBRUARY 13, 2015**), with any replies filed 7 days thereafter (no later than **FEBRUARY 20, 2015**). If filed under this schedule, the motions hearing date shall be set tentatively 14 days thereafter (no later than **MARCH 6, 2015**), and specially set at 9:30 a.m. in Courtroom 1 of the Federal Courthouse in Oakland, California.

**III. Evidence Review**

No later than **FEBRUARY 2, 2015**, the parties shall meet and confer regarding a mutually agreeable proposed schedule for physical inspection of the evidence. The Government shall permit defense counsel a physical inspection of evidence in the case by **MARCH 2, 2015**. The parties advise that this process will take several days, and are therefore, **ORDERED** to meet and confer well in advance of these deadlines to arrange for mutually agreeable dates and times.

**IV. Pre-Trial Deadlines and Disclosures**

A. The Government shall make its expert disclosures by **MARCH 2, 2015**. *Daubert* motions shall be filed after the Government's expert disclosures are due, by **APRIL 13, 2015**, oppositions due 21 days later on **MAY 4, 2015**, and replies 7 days later on **MAY 11, 2015**, with a hearing set tentatively on **MAY 27, 2015** at 9:30 a.m. in Courtroom 1 of the Federal Courthouse in Oakland, California. Any motion(s) challenging a notice by the government to seek the death penalty shall follow the same schedule set forth in this subsection A.

B.  All translations or transcripts of conversations or statements to be used with the jury must be provided to all other parties by both the Government and defendants by **APRIL 20, 2015** and any motions directed to their accuracy shall be heard at the pretrial conference using the process set forth in Section V.B.2 herein.

C.  By **APRIL 20, 2015**, the Government must fully comply with all requirements of Local Rule 16-1(c).  The Government must disclose a summary of: (i) any evidence of other crimes, wrongs, or acts that it intends to offer under Federal Rule of Evidence 404(b), and which is supported by documentary evidence or witness statements, and (ii) any co-conspirator's statement the Government intends to offer under Federal Rule of Evidence 801(d)(2)(E).  These disclosures must be set forth in sufficient detail that the Court may rule on the admissibility of the statement.

D.  By **APRIL 20, 2015**, the Government must provide to defense counsel all *Henthorn* material on law enforcement witnesses whom the Government anticipates calling.  All non-Jencks *Brady* information must be disclosed to defense counsel by the same date of **APRIL 20, 2015** with the following exceptions:

1.  Materials addressing the individuals specified in the Government's *ex parte* submission shall be produced in accordance with the final protective order.

2.  All non-Jencks *Brady* information relating to any specific government civilian witness shall be disclosed to defense counsel **7 CALENDAR DAYS** before trial.  All non-Jencks *Brady* information for witnesses the Government eventually elects not to call must be disclosed as soon as the Government makes the election and, in all events, at least **7 CALENDAR DAYS** before the Government rests its case-in-chief.

3.  All other Brady information must be produced in time for its effective use at trial.

E.  By **JUNE 8, 2015**, the Government shall provide non-redacted versions of all previously-redacted witness/victim names that had been redacted in discovery.  This

3

deadline shall not trump any deadline falling in the paragraph immediately preceding this paragraph, however.

### V. Trial Date and Preparations

#### A. Trial Date

Jury selection and trial is **ORDERED** to begin on **SEPTEMBER 8, 2015**. Trial schedule will be generally as follows: Monday through Friday, from 8:30 a.m. to 1:30 p.m., with two fifteen-minute breaks. Closer to the trial date, the Court will identify which day(s) it anticipates to be dark. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Side bars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

#### B. Pretrial Conferences

1. A pretrial conference is hereby scheduled for **JULY 10, 2015** to address any anticipated issues regarding trial preparation. A second pretrial conference is hereby scheduled for **AUGUST 21, 2015** to address all motions other than those specified above, including motions to exclude any co-conspirator statement or Rule 404(b) evidence, government motions directed at defense experts, any other motions to exclude specific evidence or witnesses. Both conferences shall occur at 9:30 a.m. in Courtroom 1 of the Federal Courthouse in Oakland, California.

2. Not less than **21** days prior to the August 21, 2015 pretrial conference, the parties shall serve, **but not file**, motions in limine. Not less than **14** days prior to the pretrial conference, the parties shall serve any oppositions thereto. The parties shall then meet and confer to resolve the motions. Any motions not resolved shall be filed not less than **10** days prior to the pretrial conference. The parties shall submit a JOINT CHAMBERS set, which collates each motion and the respective opposition. The proponent of the motion shall also submit therewith a COMPREHENSIVE proposed form of order, summarizing each motion and the requested relief.

    **3.** The parties shall comply with Local Rule 17.1-1(b) and the Court's Standing Order in Criminal Cases.  However, the parties shall file the pretrial conference statement addressing all fifteen (15) issues identified therein (to the extent not previously resolved and/or addressed) and all related filings not less than **10** days prior to August 21, 2015.

**C. Jury Selection**

Proposed jury questionnaires shall be filed no later than **JUNE 8, 2015**.  The parties are directed to attempt to agree on a stipulated proposed jury questionnaire.  In the event the parties cannot agree, they shall file one proposed jury questionnaire, color-coded, to identify which submissions are joint and which reflect the position of either the Government or the defendant(s).

**D. Exhibit and Witness Lists**

    **1.** The Government must provide by **JUNE 8, 2015** a final trial exhibit list and a final list of witnesses for its case-in-chief, including all civilian witnesses except to the extent a prior court order has allowed postponement of such disclosure.

    **2.** No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility.

    **3.** To the extent agreed upon, the parties shall file Exhibit Lists identifying those exhibits for which a stipulation of admissibility exists by noting an "S" in the appropriate box.  When printing and providing these documents to the Court, please use the "portrait" orientation only.  (Do not use "landscape" orientation.) A sample format is provided below:

///

///

///

| Ex. No. | Description | Sponsoring Witness | Stipulation to Admit | Objection | Date Admitted |
|---------|-------------|--------------------|-----------------------|-----------|----------------|
|         |             |                    |                       |           |                |
|         |             |                    |                       |           |                |

4.  Physical evidence must also be pre-marked. For purposes of an anticipated binder of exhibits for the Court, parties are advised that a picture of the exhibit should be taken and placed in the binder.

5.  Parties are advised to review their exhibits critically and determine whether sub-designations are appropriate for both the record and rulings on any potential objections. For instance, if an exhibit consists of a series of pictures, rather than designate the exhibit collectively as Exhibit 1, each picture should have a designation, *i.e.* Exhibit 1-A, 1-B, 1-C, 1-D, 1-E and 1-F.

### E. Rules 12, 16 and 17

By **JUNE 29, 2015**, all Rule 16 defense reciprocal disclosures, including expert reports and summaries, must be produced to the Government and all Rule 12.1, 12.2 and 12.3 defense notices must be given, if any. With respect to 12.2 motions, the parties shall meet confer on an appropriate briefing schedule.

### F. Witness Exclusion

The Court hereby orders that witnesses shall be excluded until testimony is completed. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation, the striking of the witness's entire testimony.

### G. Miscellaneous Logistics

1.  No later than the last pretrial conference, counsel for each defendant shall provide the Court with a proposed form of order so that the defendant may dress in civilian clothes during the trial.

6

**2.** Computers, projectors, screens and similar equipment must be tested in the courtroom prior to the day when any such equipment will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to an appropriate time for doing so. Marshals require court order to allow equipment. Any party needing such an order must file a request and proposed order.

**IT IS SO ORDERED**.

Date: **August 5, 2014**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**