UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **ALBERTO LAREZ**, <br> Defendant. | Case No. 12-cr-00792-YGR-2 <br><br> **ORDER DENYING MOTION FOR REAPPOINTMENT OF SECOND COUNSEL** <br><br> Re: Dkt. No. 525 |

On January 21, 2015, defendant Alberto Larez filed a motion for reappointment of second counsel, including a declaration and memorandum of points and authorities. (Dkt. Nos. 525, 526, and 527.) The motion is **DENIED**. Defendant Larez is no longer subject to indictment for a capital crime and therefore has no statutory right to a second court-appointed attorney. *United States v Waggoner*, 339 F.3d 915, 918 (9th Cir. 2003); *United States v. Dufur*, 648 F.2d 512, 515 (9th Cir. 1980). While the Court retains discretion to continue the appointment under "extenuating circumstances," the Court finds that no such circumstance exists here. *See* Guide to Judicial Policy ("GJP"), §§ 630.30.10 and 630.30.20.

Trial in this case is not set to begin until January 6, 2016. Thus, no "disruption" of any ongoing proceeding will occur. GJP § 630.30.20(b)(1). Similarly, the government's Notice of Intent Not to Seek the Death Penalty as to defendant Larez was filed January 5, 2015, one year and one day prior to the trial date. Thus, its decision cannot be viewed as having "occurred late in the litigation." GJP § 630.30.20(b)(2). This case, while complex, is not *unusually* complex for cases in this district. GJP § 630.30.20(b)(3). Additional counsel is not warranted on that basis.

Finally, as to the remaining category consisting of "any other factor that would interfere with the need to ensure effective representation of the defendant", the Court does not consider the

remaining factors identified as creating an extenuating circumstance. GJP § 630.30.20(b)(4). A brief recounting of the procedural history of this case is warranted:

The government filed its initial indictment on November 6, 2012, a superseding indictment on January 8, 2013, and a second superseding indictment on January 7, 2014. The murder allegations in the second superseding indictment precipitated the order appointing Mr. Goldrosen pursuant to 18 U.S.C. § 3005. (Dkt. No. 376 (issued January 29, 2014).) The Court indicated therein that if the Attorney General of the United States decided not to authorize the death penalty for the defendant, the Court would revisit the need for learned counsel. (*Id.*) After consultation with the parties, the Court set a jury trial to begin on September 8, 2015. (Dkt. No. 382 (issued February 27, 2014).) The trial date reflected, in part, Mr. Goldrosen's estimation that the defense needed nine months to prepare its mitigation submission. (Dkt. No. 379.)

On August 4, 2014, pursuant to a renewed motion from defendant Larez, the Court authorized his request for a transfer of facilities based, in part, on his recognition that another local facility was not available. (*See* Dkt. Nos. 398, 459.) Thereafter, he was transferred to a non-local facility. According to the court filings, on October 2, 2014 the defense submitted its mitigation presentations to the U.S. Attorney and the Assistant U.S. Attorneys in advance of their own submissions to the Capital Case Unit on October 15, 2014. (Dkt. No. 513.) On December 15, 2014, the government requested, with defendant Larez's concurrence, that the Court continue the trial date as one of the two government attorneys had left the U.S. Attorney's office and two more had made new appearances to work on the matter part-time. (Dkt. No. 513.) The Court granted a continuance until January 6, 2016. (Dkt. No. 520.)

While the Court acknowledges that defendant Larez may have indeed developed a positive relationship with Mr. Goldrosen, and that having a second attorney would be more convenient and create less burden for Mr. Getz, a constitutional basis for the appointment does not exist. The analogy to the role of multiple government lawyers does not persuade and, given the case history referenced above, should be viewed in context. This case began with two attorneys for the government and eleven defendants. Two of the now-three government attorneys were only recently appointed due to a departure in office. Multiple defendants must be tried. In light of that

fact, the trial date in this matter was continued pursuant to a government motion to allow the two brand new attorneys to digest the materials and prepare for trial. Not only has Mr. Goldrosen been on this case less than one year, but the Court understands that during that year, he himself tried a death penalty case in Hawaii. As with the government lawyers, Mr. Getz has sufficient time to prepare for trial, including to prepare that limited portion on which Mr. Goldrosen had focused outside of his concentration on the mitigation submission. The Court also notes that it allowed Mr. Goldrosen to remain on the case with sufficient time to allow for a reasonable transition.

For the reasons set forth above, and good cause appearing, the Court does not find a basis exists to grant the motion which, accordingly, is **HEREBY DENIED.**

This terminates Docket No. 525.

**IT IS SO ORDERED.**

Dated: February 5, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**