UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br>**HENRY CERVANTES, ET AL.,**<br>Defendant. | Case No. 12-cr-00792-YGR<br><br>**PARTIAL ORDER ON DEFENDANTS' MOTIONS FOR SUFFICIENT RULE 16(a)(1)(G) DISCLOSURES, DIRECTING GOVERNMENT TO PROVIDE DOCUMENTS**<br><br>Re: Dkt. No. 645 |

Defendants filed a motion asking this Court to order the government to provide sufficient expert disclosures under Federal Rule of Criminal Procedure ("FRCrP") 16(a)(1)(G) with respect to the government's proffered gang, arson, cell site location, and DNA experts. (Dkt. Nos. 645, 646, and 648 ("Rule 16 Mtn.").) The government responded (Dkt. No. 654) and the defense timely replied (Dkt. No. 665.) Having carefully considered the papers submitted, the record in this case, and good cause shown, the Court hereby **GRANTS** defendants' motion as to the gang expert disclosure, **DENIES** the motion as to arson expert disclosures, and **DIRECTS** the government to provide certain referenced documents so that the Court can properly evaluate defendants' motions as to the cell site location and DNA experts.

**I.    LEGAL FRAMEWORK UNDER FRCRP 16(a)(1)(G)**

FRCrP 16(a)(1)(G) requires the government to give defendants a "written summary of any testimony" of an expert witness the government intends to introduce in its case-in-chief during trial under Rules 702, 703, or 705. The government's summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Fed. R. Crim. P. 16(a)(1)(G). A district court may order expert disclosures from the government that are

"complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify," and can also exercise its discretion to direct the government to "identify the documents or information that the expert reviewed in preparing his or her report…" *United States v. W.R. Grace*, 526 F.3d 499, 503-516 (such an order was "well within the bounds" of the district court's authority under FRCrP 16).

The Advisory Committee Note to the 1993 Amendment of FRCrP 16 "stated that the bases and reasons must be sufficient to allow counsel to frame a *Daubert* motion (or other motion in limine), to prepare for cross examination, and to allow a possible counter-expert to meet the purport of the case-in-chief testimony." The government has identified experts in the following areas: (i) medical examiner/forensic pathology; (ii) toxicology; (iii) gangs; (iv) arson; (v) cell site location; (vi) DNA; (vii) forensic chemistry; and (viii) firearms, toolmark and ballistics. In their motion, defendants only challenge disclosures for experts in four areas: gangs, arson, cell site location, and DNA. Defendants assert that due to the deficiencies in the disclosures, they cannot adequately move to exclude the evidence on *Daubert* grounds. In particular, defendants claim that the summary does not (i) sufficiently identify the substance of the opinions or (ii) the bases or reasons therefore.

## II. DISCLOSURES AT ISSUE

### A. GANG EXPERT DISCLOSURES

The government's first expert disclosure letter dated June 8, 2015 (provided to the Court under seal, "government disclosures") named three gang experts it intends to call in its case-in-chief. Defendants contend that the disclosures of each of the three gang experts are deficient and that the government should supplement for the two reasons set forth above.[1]  The Court agrees.

---

[1] Defendants have since filed motions to exclude pursuant to their obligations under the scheduling order. (*See* Dkt. Nos. 659, 663, 664, 667, 668, 669.)

2

Judge Alsup's decision finding similar expert disclosures inadequate in *United States v. Cerna*, 2010 WL 2347406 (N.D. Cal. June 8, 2010) is instructive. There, as here, the government's disclosure "did not specify each specific opinion, much less the reasons and bases for each." *Id.* at *29. To cure the defects, Judge Alsup required the government to summarize each opinion in its supplement pursuant to the following illustration:

> "With respect to the recording DH 999 dated MM-DD-YYYY, Officer XYZ will testify that the word "piece" meant "gun" and the word "item" meant "package of cocaine." The basis for this opinion is his experience in monitoring drug transactions and in listening to 1600 recordings involving the same individuals between 2004 and 2009, many of which used the same terms in the same way."

*Id*. He further instructed that "[*e*]ach opinion and basis [in the supplemental disclosure] must be stated with at least this much particularity." *Id*. Judge Illston likewise found that the government's disclosure of its proffered gang expert – very similar to the government's disclosure of Mr. Garrow here – lacked the requisite specificity under Rule 16 in the *Flores* case. *U.S. v. Flores*, No. 12-cr-119, slip op. at 3 (N.D. Cal. June 16, 2014).

Accordingly, the Court **GRANTS** the defendants' motion with respect to the gang expert disclosures and orders the government to revise the disclosures such that they sufficiently identify both the (1) opinions to be offered and (2) the particular bases for each opinion. The RICO/VICAR charges in this case arising from allegations regarding the Nuestra Familia organization are similar to other cases which have been tried in this District. No need exists to reinvent the wheel. While this Court will tailor its rulings relative to the specific disclosures and proffers in front of it, the current status of the disclosure requires more detail.

### B.  ARSON EXPERT DISCLOSURES

The government also disclosed that it anticipates calling in its case-in-chief three Oakland Fire Department Investigators. The disclosure letter states that the "bases" for all of the arson experts' opinions are the "examination, burn patterns, witness statements, and the use of a

3

hydrocarbon detector," and the government further directs defendants to the experts' curriculum vitae.  In response, the government countered that its disclosure is sufficient, in part, because of the evidence it has previously provided the defense in the course of discovery.  *See* Rule 16 Oppo.

The Court agrees.  First, the government's FRCrP 16 disclosure incorporated the analysis and methodology used by the investigators in the Oakland Fire Department reports produced in discovery.  The defendants' motion was silent as to the discovery materials.  Second, the motion acknowledges that the issue has been previously litigated and suggests here that the motion is made "out of an abundance of caution."  Defendants have failed to make a sufficient showing for a supplemental disclosure.  The motion is **DENIED.**

### C.  CELL SITE LOCATION AND DNA EXPERT DISCLOSURES

Defendants have moved for supplemental disclosures with respect to the government's experts in cell site location and DNA.  However, the motions fail to address referenced materials identified in the FRCrP 16 disclosure which purport to provide additional analysis and specificity.  Counsel for defendants submits that the analyses were not provided to the Court out of deference to a request from the government.  (Dkt. No. 664-2, ¶ 4.)  The government also references these analyses.  (Dkt. No. 654 at pp. 5-6.)  Likewise, the government did not provide any of these analyses to the Court for its consideration.

Having previewed defendants' motions to exclude the opinions of the cell phone experts (Dkt. No. 664) and those of the DNA experts (Dkt. No. 669), the Court **RESERVES** ruling on this portion of defendants' motion and will do so in conjunction with the *Daubert* motions once it can evaluate the entirety of the government's submission to the defense.  The government is therefore directed to provide the Court with the documents and analyses referenced in its FRCrP 16 disclosure, any opposition to the instant motion, or any opposition the *Daubert* motions.  That submission shall occur in connection with the anticipated oppositions to the *Daubert* motions due on August 3, 2015.

4

### III. CONCLUSION

For the reasons detailed above, the Court orders the government to provide a supplement to its expert disclosures with respect to the gang experts no later than **AUGUST 17, 2015**. Briefing on the motions to exclude the same is hereby **STAYED** (Dkt. Nos. 659, 663) until further order of this Court.

**IT IS SO ORDERED.**

Dated: July 28, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**