UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>Plaintiff,<br>v.<br>**HENRY CERVANTES ET AL.**,<br>Defendant. | **No. 12-cr-00792 YGR**<br><br>**PRETRIAL ORDER NO. 5 REVISING TRIAL DATE AND ORDER ON A. CERVANTES' MOTION REGARDING RULE 12 AND 404(B) DISCLOSURE** |

On November 13, 2015, the Court held a previously scheduled pretrial conference. Joseph Alioto appeared on behalf of the government. John Philipsborn appeared on behalf of Henry Cervantes ("H. Cervantes"), Brian Getz appeared on behalf of Alberto Larez ("Larez"), Randy Sue Pollock appeared on behalf of Jaime Cervantes ("J. Cervantes"), and K. Alexandra McClure appeared on behalf of Andrew Cervantes ("A. Cervantes"). All defendants were present and in custody.

The Court also heard argument on the Motion to Compel Compliance with the Court's October 21, 2015 Order and Request for Order to Show Cause ("Motion to Compel") relating to the government's Rule 404(b) disclosures relative to defendant A. Cervantes. (Dkt. No. 786)

Based upon the filings in this case, arguments of counsel, and **GOOD CAUSE** appearing, the Court confirms rulings made during the pretrial conference and further **ORDERS** as follows:

**1. TRIAL DATE**

As the Court indicated at the hearing, at the time of the setting of the revised trial date given the filing of the Third Superseding Indictment, the Court was unaware of the potential conflict with Ms. Pollock's representation of a defendant in *United States v. Alvarez et al*, 14-cr-120 EMC. That case initially involved seventeen defendants, and arose from conduct related to

1  the 19th Street Sureños. (Dkt.14-cr-120, No. 241)  The remaining eight defendants have been

2  divided into two trial groups with the first set (including Ms. Pollack's client) to begin trial on

3  August 29, 2016.  The trial of the second set (which involves alleged homicides) will trail the first.

4  In addition, as has previously been noted, Mr. Philipsborn is counsel in a retrial of a death penalty

5  case pending in the District of Vermont.  (*See* Dkt. No. 784, Objection to the Setting of this Case

6  for Trial in Mid-June 2016.)  The Court has re-reviewed the amount of time sufficient for

7  defendant A. Cervantes to prepare for trial, including all the additional resources and disclosures

8  required of the government.

   Accordingly, and given the new information presented to the Court, the Court has revised its calendar to Re-set Trial in this case to begin **MAY 2, 2016**.  A revised comprehensive trial schedule shall issue separately.

   **2.  MOTION PRACTICE**

   a. The defendants have collectively identified potential motions relative to a potential *Bruton* issue arising from possible statements by defendant Andrew Cervantes.  In order to determine whether any severance briefing is warranted, parties shall adhere to the following schedule:
       i.   Government disclosure:          December 7, 2015
       ii.  Motions filed, if appropriate: December 28, 2015
       iii. Oppositions filed:              January 11, 2016
       iv.  Initial hearing:                January 15, 2016

   Parties are advised that the trial in this case may be advanced as a result of any severance of defendant Andrew Cervantes, especially in light of defense counsel conflicts.

   b. On October 22, 2015, the government provided the defendants with an outline of the volume of materials being withheld and identified the manner in which such materials would be disclosed, depending on the witness.  Defendants agreed that they did not anticipate bringing any motions for a continuance based upon the volume itself.

### 3. DISCLOSURES TO A. CERVANTES

At the close of the pretrial conference on October 21, 2015, counsel for A. Cervantes made an oral request that the Court order the government to provide Rule 12 and 404(b) notices. The Court so ordered, and required the disclosure by October 30, 2015. Given the context of the request, the Court had not reviewed the disclosures. In addition, the Court also required the government to confer with counsel to provide additional information so that she could process the discovery more efficiently to prepare for trial.

Defendant A. Cervantes now brings a Motion to Compel seeking disclosure of Rule 12 and 404(b) notices similar to those provided to the other defendants on August 21 and 26, 2015. Those disclosures were in the form of letters which the Court understands were also provided to A. Cervantes in September 2015. Defendant A. Cervantes argues that the additional disclosure made to him was not in the form of a letter (it was sent by email) and was not sufficient. The government disagrees and argues that it has satisfied its duties with respect to the disclosures made in conjunction with the oral disclosures. Further, the government contends, in any event, that the underlying conspiratorial acts are not 404(b) evidence.

The Court has reviewed the August 21 and 26, 2015 disclosures and the additional email dated October 19, 2015. Upon review, the Court notes that the August disclosures contain information relative to A. Cervantes as well as those found in the additional email. As stated, the Court understands that those disclosure letters were provided to A. Cervantes. In light of the three disclosure communications and the subsequent oral disclosures, the Court finds that the government has substantially satisfied its obligations.

The Court finds the Motion to Compel elevates form over substance which should have been resolved through a meet-and-confer process. To ensure the formality of the record, the government shall formalize its disclosure as soon as is reasonably practicable but in no event later than the day before the next pretrial conference. The formal disclosure may attach the prior disclosures but should also (i) confirm the timing of the prior disclosures and (ii) address topics identified in the August 21st letter not previously addressed to A. Cervantes himself, *i.e.* Electronic Surveillance, Transcriptions and Translations, Co-Conspirator Statements, and *Brady*

3

1  material.  Counsel are reminded that the Court requires cooperation and professionalism in the
2  litigation of this matter.
3       The Court's Order to Show Cause is hereby terminated.  This Order terminates Docket No.
4  786.
5       **IT IS SO ORDERED.**
6  Dated: November 17, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**