BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7234
    William.Frentzen@usdoj.gov

JOSEPH M. ALIOTO JR. (CABN 215544)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Joseph.Alioto@usdoj.gov

ROBERT S. TULLY (DCBN 467446)
Trial Attorneys, Organized Crime and Gang Section

    1301 New York Avenue NW
    Washington, D.C. 20005
    Telephone: (202) 616-8389
    Fax: (202) 514-3601
    Robert.Tully@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br><br>HENRY CERVANTES, et. al.,<br><br>    Defendants. | Case No. 12-CR-00792 YGR (KAM)<br><br>STIPULATION FOR RELEASE OF BOP SUBMISSIONS 1 AND 2 PURSUANT TO PROTECTIVE ORDER; DECLARATION OF BOP COUNSEL VALERIE STEWART; ~~PROPOSED~~ ORDER |

STIPULATION FOR RELEASE OF BOP SUBMISSIONS 1 AND 2 PURSUANT TO PROTECTIVE ORDER;
DECLARATION OF BOP COUNSEL VALERIE STEWART; PROPOSED ORDER Case No. 12-CR-00792 YGR

1

The parties in this matter, including the government, represented by Robert Tully, DOJ Trial Counsel; Henry Cervantes, represented by John Philipsborn; Alberto Larez, represented by Brian Getz; Jaime Cervantes, represented by Randy Sue Pollock; and Andrew Cervantes, represented by Alex McClure hereby agree and stipulate as follows:

The government has lodged two submissions with the Court as *in camera* BOP Submission #1 and *in camera* BOP Submission #2. These submissions are responsive to orders originally sought by defense counsel through application to Magistrate Judge Cousins.

*In camera* BOP Submission #1 and Submission #2 were made by the government to Magistrate Judge Westmore after transfer of this matter to her for further proceedings.

Magistrate Judge Westmore issued an Order on May 5, 2016, entitled "Order Regarding *In Camera* BOP Submission #1" (dkt. 1155). Magistrate Judge Westmore issued an Order on April 26, 2016, entitled "Order Regarding *In Camera* BOP Submission #2" (dkt. 1117). This stipulation incorporates by reference Judge Westmore's orders dkts. 1117 and 1155.

In accordance with paragraph 5 of the Declaration of BOP General Counsel Valerie Stewart, attached hereto as Exhibit 1, the parties agree that the documents at Tabs 16, 17, 22, and 23 of BOP Submission #1, shall be disseminated only to Counsel for Andrew Cervantes.

The remainder of the documents produced to this Court as BOP Submissions #1 and #2 shall be distributed and disseminated to all above-named defense counsel who shall not copy any portion of any of the documents released to them through this stipulation, and shall not disseminate any of the contents of the documents by any means, except as necessary for court proceedings.

The documents disseminated shall be maintained by all counsel in a sequestered and secure location, and will be available for review by counsel of record only. The records shall not be used in any court proceeding or otherwise disclosed without a further order of the Court.

STIPULATION FOR RELEASE OF BOP SUBMISSIONS 1 AND 2 PURSUANT TO PROTECTIVE ORDER; DECLARATION OF BOP COUNSEL VALERIE STEWART; PROPOSED ORDER Case No. 12-CR-00792 YGR

At the conclusion of proceedings in this case, including the final disposition of an appeal of any conviction, counsel for the defense shall return all of the records to the government.

The parties agree that a copy of this stipulation and the below-appearing Order shall be maintained at all times with the documents covered by this stipulation.

The parties hereby agree and stipulate that the terms and conditions that appear in this stipulation and agreement shall be made part of an order of the Court which shall bind all counsel in this case unless and until a further order covering the BOP submissions discussed here is entered in the record of these proceedings.

SO AGREED AND STIPULATED:

Dated: 5/13/16

By: _____
Robert Tully
DOJ Trial Counsel for the Government

Dated: 5/13/2016

By: _____
John T. Philipsborn
Counsel for Henry Cervantes

Dated: 5/13/16

By: _____
Brian Getz
Counsel for Alberto Larez

Dated: 5/13/2016

By: _____
Randy Sue Pollock
Counsel for Jaime Cervantes

Dated: 5.13.16

By: _____
Alex McClure
Counsel for Andrew Cervantes

STIPULATION FOR RELEASE OF BOP SUBMISSIONS 1 AND 2 PURSUANT TO PROTECTIVE ORDER; DECLARATION OF BOP COUNSEL VALERIE STEWART; PROPOSED ORDER Case No. 12-CR-00792 YGR

3

## ORDER ACCEPTING STIPULATION AND
## PROTECTING COVERED DOCUMENTS

GOOD CAUSE APPEARING, based on the agreement and stipulation of the parties, IT IS ORDERED that the text of the above stipulation is hereby adopted by the Court as the provisions of this Court's Order covering BOP Submissions #1 and #2. This Order binds all counsel of record in this case and directs that those portions of the stipulation directing counsel to maintain the BOP submissions safe and secure and to return such submissions to the government at the conclusion of proceedings in this case shall be deemed and considered by all defense counsel to be a protective order that must be followed and adhered to throughout the proceedings in this case absent a further order of this Court.

SO ORDERED.

Dated: 5/13/16

*Kandis Westmore*

THE HON. KANDIS A. WESTMORE
MAGISTRATE JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff.<br>v.<br><br>HENRY CERVANTES, et al,<br><br>Defendants. | Case No. 12-cr-792-YGR (KAW)<br><br>DECLARATION OF<br>VALERIE STEWART |

I, Valerie Stewart, hereby declare under penalty of perjury as follows:

1. I am employed by the U.S. Department of Justice as Senior Counsel at the Western Regional Office, Federal Bureau of Prisons. I am admitted to practice law by the State Bar of California, the State Bar of Nevada, the Ninth Circuit Court of Appeals, and the Supreme Court and have been employed by the Department of Justice for over thirty years. My official duties include assisting the Office of the United States Attorney when the Bureau of Prisons or Bureau of Prisons (BOP) personnel are involved in litigation in the federal court system. I am assigned as one of the BOP's legal liaisons for the United States Attorney's Office in the Northern District of California. Since 2013 I have been designated by the Office of the Regional Counsel as the point of contact for production of BOP records for the prosecution in United States v. Cervantes, et al, CR-12-792-YGR.

2. On January 13, 2016, the Regional Counsel's Office was advised that at a hearing on January 11, 2016, Magistrate Judge Nathanael Cousins had issued verbal orders from the bench for production of various BOP records, in response to a Motion by defense counsel in the Cervantes case

CR12-00792-YGR
Declaration of Valerie Stewart re: *in camera* submissions, Dkt. 1030 and Dkt. 1050

1  (Dkt. 812, 814, 816).  The BOP was not previously aware of the Motions or the hearing.  In a telephone

2  conference call the BOP was advised by AUSA Joseph Alioto that the Court had ordered production of

    1) The complete BOP files of Andrew F. Cervantes, Register Number 05450-097
    2) Any SIS reports written about the Nuestra Familia or Nortenos, from 2003 to the present.
    3) Any reports written by John Feeney or Tony Garrow about the Nuestra Familia, Nortenos, or
       any of the defendants-Andrew Cervantes, Alberto Larez, Henry Cervantes, and Jaime Cervantes
    4) All reports and any other evidence related to the Otero Bravo riot at FCI Florence in January 2008

The request for specific records of events and individuals was later expanded.  Our office set about to coordinate an expanded search throughout various divisions of the BOP for records responsive to the Court's order, not previously produced.  Records regarding the three defendants who have been in BOP custody (Jaime Cervantes has not been in BOP custody) had been produced at various times in response to production requests. On May 8, 2013, and May 10, 2013, the BOP made the first production of inmate records for Henry Cervantes, Register # 02824-748. BOP documents entitled "Threat Assessments" for Henry Cervantes, were produced as part of the individual "inmate files" in July and August of 2013.  The search for records relating to Henry Cervantes was detailed in my declaration submitted by the United States in August 2013. Dkt.246.  Records for Alberto Larez, Register #02840-748 were produced in July of 2014, after receipt of a subpoena from defense counsel. Counsel for Alberto Larez also made a Freedom of Information Act (FOIA) request for records and obtained over 800 pages from the BOP through the FOIA request in 2014.  Records for Andrew Cervantes, Register # 05450-097, had been produced in December of 2015.

       3.    I began producing various BOP intelligence records and other documents responsive to Magistrate Judge Cousin's verbal order as early as January 22, and through March, 2016.  I made redactions of sensitive information contained in the intelligence documents as requested by BOP staff, due to the concerns regarding the risks to security operations at BOP facilities if the records were produced to the defendants in an unredacted form.

//

CR12-00792-YGR
Declaration of Valerie Stewart re: *in camera* submissions, Dkt. 1030 and Dkt. 1050

4.      The United States prepared two *in camera* productions for the Court containing BOP Intelligence records with the redactions that BOP requested and requested a Protective Order for documents that were produced. These submissions were made to the Court under Docket # 1030 and Docket #1050. After discovery was transferred to Magistrate Judge Westmore, she ordered the materials from the United States be submitted in printed form, in tabbed binders. Dkt. 1097. Those binders were prepared by the United States with the documents given Bates-stamp numbers and submitted to Magistrate Judge Westmore. Magistrate Judge Westmore detected a pagination problem between redacted and unredacted documents in "In Camera Submission #1" and ordered a review and correction. Docket 1112. Magistrate Judge Westmore issued Order Regarding In Camera Submission #2, allowing most, but not all of the proposed redactions. Dkt. 1117. The Order directed the United States to make a copy set of the materials available to counsel for defendant Andrew Cervantes.

5.      The question I believe that has been raised is whether all the documents in Submission #1 and Submission #2 should be limited to production to defendant Andrew Cervantes or whether other defendants should have access to some of the documents produced. I am familiar with the documents and know which were produced specifically relating to one defendant or another and which were produced relating to the Security Threat Groups, Nuestra Familia or Nortenos or "all defendants". I reviewed the documents contained in the binders on April 29, 2016, to assist in correcting the pagination problem, thus I am familiar with the documents at the Tab numbers identified in the binders.

**RE: 1) In Camera Submission #1**
Items under the following tabs are responsive to the direction to produce all BOP information concerning any of the named defendants or "La Nuestra Familia" or "Nortenos":

Tab 1 / 2 / 3 / 4 / 5 / 6 / 7 / 8 / 9 / 10 / 11 / 12 / 13 / 14 / 15 / 19 / 21

Items under the following tabs are specific to the direction to produce all intelligence material regarding ANDREW Cervantes and should be restricted to production to Andrew Cervantes.

Tab 16 / 17 / 22 / 23

These records contain sensitive information regarding inmate security and management procedures, which present a risk to prison security if produced beyond this individual defendant. The other defendants are not named in these records.

CR12-00792-YGR
Declaration of Valerie Stewart re: *in camera* submissions, Dkt. 1030 and Dkt. 1050

**RE: 2) In Camera Submission #2**

Items under the following tabs are responsive to the direction to produce all BOP information concerning any of the named defendants or "La Nuestra Familia" or "Nortenos":

Tab 24/ 25/ 26/ 27/ 28/ 29 30/ 31/ 32/ 33/ 34/ 35/ 37/ 38/ 39/ 40/ 41/ 42

6. Items produced at the tabs identified as <u>any of the named defendants</u> or <u>"La Nuestra Familia" or "Nortenos"</u> were produced with the expectation that all defense counsel would examine them under the terms of the Court's Protective Order.

I declare under penalty of perjury that the information stated above is true and correct to the best of my knowledge.

DATED this 12th day of May, 2016, at Stockton, CA.

*/s/ Valerie Stewart*
VALERIE STEWART
Senior Counsel
Federal Bureau of Prisons

CR12-00792-YGR
Declaration of Valerie Stewart re: *in camera* submissions, Dkt. 1030 and Dkt. 1050