**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>HENRY CERVANTES, *et al.*,<br>Defendants. | Case No.: 12-CR-0792 YGR<br>ORDER IN CIVIL CONTEMPT |

On June 1, 2016, the government petitioned the Court to hold subpoenaed witness Donna Marr in civil contempt pursuant to 28 U.S.C. section 1826 based on her counsel's representation that she would refuse to testify in this trial on self-incrimination grounds even though the government offered her full immunity from prosecution, 18 U.S.C. sections 6002, 6003. Marr appeared the same day and a hearing was held. The Court unambiguously ordered Marr to testify in light of the grant of immunity, which Marr acknowledged. Marr indicated she would continue to refuse to testify despite the Court's order.

A witness may be held in civil contempt under Section 1826, which provides:

> Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of (1) the court proceeding, or (2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

28 U.S.C. § 1826(a).

Marr was warned that she may be incarcerated for her refusal to testify. She acknowledged the likely consequence and was again accorded the opportunity to present her reasons for refusing to testify. Her refusal to testify is based solely on her Fifth Amendment right against self-incrimination, notwithstanding the Court's reminders that she has been granted testimonial immunity. On the advice of counsel, she refused to provide any other justification for her refusal. Accordingly, the Court finds by clear and convincing evidence that: (1) Marr was duly subpoenaed to testify in this trial, (2) the Court ordered her to testify in light of her grant of immunity, (3) Marr refuses to comply with the Court's order to testify, and (4) Marr does not have just cause to refuse to testify. The Court concludes that incarceration is the appropriate remedy to coerce Marr to provide the ordered testimony. Marr is therefore **ORDERED** to be in the custody of the U.S. Marshals until she purges herself of contempt by complying with the Court's order to testify.

The Court herein advises Marr that if she does not purge herself of this contempt, she may be prosecuted for criminal contempt and thereafter punished by a fine or commitment for that criminal contempt. *See Yates v. United States*, 227 F.2d 848 (9th Cir. 1955).

A further hearing on this matter shall be held on **June 8, 2016** at **2:00 p.m.** following the conclusion of the trial day.

**IT IS SO ORDERED**.

Date: June 2, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**