**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff,**<br>    v.<br>**HENRY CERVANTES**, *et al.*,<br>    **Defendants.** | Case No.: 12-CR-0792 YGR<br><br>ORDER IN CIVIL CONTEMPT |

On June 6, 2016, the government petitioned the Court to hold subpoenaed witness Larry Allen Little in civil contempt pursuant to 28 U.S.C. section 1826 based on his counsel's representation that he would refuse to testify in this trial even though the government offered him full immunity from prosecution, 18 U.S.C. sections 6002, 6003. Little appeared the same day and a hearing was held. The Court unambiguously ordered Little to testify in light of the grant of immunity, which Little acknowledged. Little indicated he would continue to refuse to testify despite the Court's order.

A witness may be held in civil contempt under Section 1826, which provides:

> Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of (1) the court proceeding, or (2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

28 U.S.C. § 1826(a).

Little was warned that he may be incarcerated for his refusal to testify. He acknowledged the likely consequence and was again afforded the opportunity to present his reasons for refusing to testify. He persisted in his refusal to answer any questions, notwithstanding the Court's reminders that he has been granted testimonial immunity. Accordingly, the Court finds by clear and convincing evidence that: (1) Little was duly subpoenaed to testify in this trial, (2) the Court ordered him to testify in light of his grant of immunity, (3) Little refuses to comply with the Court's order to testify, and (4) Little does not have just cause to refuse to testify. The Court concludes that incarceration is the appropriate remedy to coerce Little to provide the ordered testimony. Little is therefore **ORDERED** to be in the custody of the U.S. Marshals until he purges himself of contempt by complying with the Court's order to testify.

The Court advises Little that if he does not purge himself of this contempt, he may be prosecuted for criminal contempt and thereafter punished by a fine or commitment for that criminal contempt. *See Yates v. United States*, 227 F.2d 848 (9th Cir. 1955).

**IT IS SO ORDERED**.

Date: June 6, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**