**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br>    v.<br>HENRY CERVANTES, *et al.*,<br>    Defendants. | Case No.: 12-CR-0792 YGR<br>TRIAL ORDER NO. 5 RE: AUDIO RECORDING CLIPS<br>Re: Docket Nos. 1248, 1255 |

Pending before the Court are the government's motion *in limine* to admit an audio recording of Alberto Larez (Larez) and a confidential informant (Docket No. 1248) and Henry Cervantes's motion to exclude or limit the admissibility of a tape recorded meeting that occurred on October 8, 2012, reportedly with Larez (Docket No. 1255). Andrew Cervantes (A. Cervantes) filed an opposition to the government's motion (Docket No. 1252), and Jaime Cervantes filed a notice of joinder in Docket Nos. 1252 and 1255 (Docket No. 1256), which was withdrawn as to that filed by A. Cervantes. The Court entertained substantial argument on the motion and overruled the objections regarding admissibility asserted by A. Cervantes.

With respect to the balance of the arguments, the Court finds, having reviewed the transcript of the recording, that the recording contains admissions made by Larez regarding his plans for the establishment, maintenance, structure, and organization of *Nuestra Familia* operations in the Bay Area, and that other portions of the recording are required for context, including an understanding of the then-current landscape. Accordingly, such statements by Larez are admissible under *United States v. Yarbrough*, 852 F.2d 1522 (9th Cir. 1988), and *United States v. Williams*, 989 F.2d 1061 (9th Cir. 1993). However, the statements of the confidential informant will only be admitted for context and with a limiting instruction, not for the truth or as co-conspirator statements. Further, the Court herein excludes certain other statements which it finds either (i) do not fall within the

parameters identified above or, (ii) given the lack of context in light of the evidence admitted thus far, are excluded under Rule 403. In particular, the Court finds as follows with respect to the government's request for admission:

- Clip 1, from page 2, line 1 (0:00) to page 25, line 3 (31:10): **GRANTED IN PART** as to 2:1 to 8:8; 10:11 to 15:4; 17:15 to 21:11; and 23:1 to 24:8 only.
- Clip 2, from page 27, line 13 (35:38) to page 29, line 11 (38:11): **DENIED.**
- Clip 3, from page 35 (40:36) to page 43, line 17 (58:23): **GRANTED IN PART** as to 35:1-8 and 41:6 to 43:10 only.
- Clip 4, from page 48, line 15 (1:07:11) to page 51, line 15 (1:11:18): **GRANTED WITH THE EXCEPTION OF** lines 48:15-16.
- Clip 5, from page 54, line 17 (1:17:03) to page 55, line 10 (1:18:25): **DENIED**.
- Clip 6, from page 56, line 9 (1:21:02) to page 59, line 17 (1:24:51): **GRANTED IN PART** as to 56:9 to 58:19.
- Clip 7, from page 61, line 10 (1:26:37) to page 69, line 9 (1:35:28): **GRANTED**.

This Order terminates Docket Numbers 1248, 1255.

**IT IS SO ORDERED**.

Date: June 8, 2016

_____
**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**