1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**HENRY CERVANTES,** *et al.***,**<br><br>        **Defendants.** | **Case No.: 12-CR-0792 YGR**<br><br>**TRIAL ORDER NO. 7 REGARDING GOVERNMENT'S MOTION TO AUGMENT WITNESS AND EXHIBIT LIST; A. CERVANTES'S REQUEST TO EXCLUDE TESTIMONY OF SPECIAL AGENT MATER**<br><br>**RE: DKT. NO. 1057** |

On April 1, 2016, the government moved to augment its witness and exhibit list to include additional custodial witnesses, percipient witnesses, and one additional exhibit.  (Docket No. 1057.) The Court herein addresses the government's motion with respect to two categories of witnesses, namely: (1) witnesses related to the Tobias Vigil incident; and (2) a Bureau of Prisons ("BOP") custodian of material seized from A. Cervantes's property in 2010.  The Court also addresses (3) A. Cervantes's unrelated request to exclude the proposed testimony of DEA Special Agent Mater.

First, with respect to witnesses related to the Tobias Vigil incident, A. Cervantes previously moved the Court to exclude evidence of uncharged acts relating to the stabbing of Vigil.  (Docket No. 989.)  The government's April 1, 2016 motion to augment its exhibit and witness list in part sought the Court's permission to proffer the testimony of additional witnesses regarding the Vigil matter.  (Docket No. 1057.)  In Trial Order No. 1 the Court denied A. Cervantes's motion to exclude the evidence of the Vigil matter and also denied the government's motion to augment its witness list to the extent the government sought to offer personal knowledge of the Vigil matter. (Docket No. 1129.)  Now before the Court is the government's renewed request to introduce testimony related to the Vigil matter from witnesses disclosed via the motion to augment.  For the reasons discussed in Trial Order No. 1, the government's request is **DENIED** as to percipient witnesses.  The government may not offer those witnesses to testify about their personal knowledge of the Vigil matter.  However, the government may introduce the testimony of the custodian of the

United States District Court
Northern District of California

1  video of the Vigil matter.  (Docket No. 1057, Custodians ¶ 10.)  The government filed an exhibit

2  list including the phrase "Materials related to the March 2013 assault of Tobias Vigil," on October

3  2, 2015 – seven months prior to trial.  (Docket No. 740.)  Then, on October 19, the government

4  provided notice of its intention of proving that A. Cervantes was responsible for the attack on Vigil.

5  (*See* Docket No. 1016 at 3.)  In that respect, A. Cervantes's claim of prejudice from lack of notice

6  does not persuade.  However, for the reasons set forth in Trial Order No. 1, the Court's opinion is

7  not changed as to percipient witnesses.

8          Second, and similarly, the government's motion to augment its witness and exhibit list is

9  **GRANTED** with respect to the BOP custodian of material seized from A. Cervantes's property in

10  2010.  (Docket No. 1057, Custodians ¶ 4.)  The government may introduce the testimony of this

11  witness.

12          Third, A. Cervantes today moved the Court to exclude the testimony of DEA Special Agent

13  Mater.  For the reasons stated on the record on June 20, 2016, that request is **DENIED**. Special

14  Agent Mater may testify with respect to the nexus between drugs and commerce.

15          **IT IS SO ORDERED**.

16  Date: June 20, 2016

17  _____
    **YVONNE GONZALEZ ROGERS**

18  **UNITED STATES DISTRICT COURT JUDGE**

19

20

21

22

23

24

25

26

27

28